IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, SUCCESSOR IN INTEREST TO LEGACY MEDICAL CONSULTANTS, LLC, § § § § § | | |
| *Plaintiff*, § § | | |
| v. § § | Case No. 4:26-cv-792 | |
| DR. DAVID FERTEL, § § § | | |
| *Defendant*. § | | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Dr. David Fertel ("Defendant"), by and through the undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). In support of removal, Defendant respectfully shows as follows:

## I.  INTRODUCTION

1.    On February 19, 2026, Plaintiff Legacy Medical Consultants, LP, Successor in Interest to Legacy Medical Consultants, LLC ("Plaintiff"), filed a lawsuit against Defendant in the 342nd Judicial District Court of Tarrant County, Texas, which was assigned Cause No. 342-374844-26 (the "State Court Action"). *See* Plaintiff's Original Petition attached hereto as Exhibit B-1.

2.    Defendant was served on May 27, 2026 with the State Court Action pursuant to the Order Granting Plaintiff's Motion for Substituted Service. *See* Email from Glenn Gayer to Bruce Flowers dated June 25, 2026 attached hereto as Exhibit C.

3.      Defendant now timely removes the State Court Action to the United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).  Defendant has satisfied all requirements for removal, and this Court has diversity subject–matter jurisdiction over all of Plaintiff's claims in the State Court Action.

## II.  BASES FOR REMOVAL

### A.      Removal is timely.

4.      Defendant was served with the State Court Action on May 27, 2026 and files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1). As such, the Notice of Removal is timely. *See Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

### B.      This Court has subject–matter jurisdiction over Plaintiff's claims.

5.      Defendant is an individual and resident of the State of Michigan.  Plaintiff's Original Petition, attached hereto, pleads Defendant is an individual with a primary place of residence at 3400 Lakeside Drive South, Apt. 10, Petoskey, Michigan 49770.  *See* Exhibit B-1 at ¶ 7.  Defendant's actual current address is in Commerce Township, Michigan, and he is therefore a citizen of Michigan for diversity purposes.  *See Preston v. Tenent Health System Mem'l Med. Ctr. Inc.,* 486 F. 3d 793, 797 (5th Cir. 2007)

6.      Plaintiff pleads and acknowledges that it is a Texas Limited Partnership with its principal place of business located at 9800 Holloway Parkway, Suite 320, Fort Worth, Texas 76117.  *See* Exhibit B-1 at ¶ 6.

7.      Because Plaintiff is a citizen of Texas, and Defendant is a citizen of Michigan, complete diversity of citizenship exists.

8.      The amount in controversy exceeds $75,000, exclusive of interest and costs, as evidenced on the face of Plaintiff's Original Petition. *See* Exhibit B-1 at ¶¶ 1, 5. In particular, Plaintiff asserts that the monetary relief sought in this matter is greater than $250,000, *id*. at ¶ 5, and more specifically assert that Defendant's conduct has damaged it in an amount of "at least $1,236,901.51." *Id*. at ¶ 1.

9.      Because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, this Court has original, diversity jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. § 1332[1].

**C.      Venue for purposes of removal is proper in this Court**.

10.      Tarrant County—where the State Court Action is pending—is within the Fort Worth Division of the Northern District of Texas. Accordingly, venue for purposes of the removal of the State Court Action is proper in this district and division pursuant to 28 U.S.C. § 1441(a).

**D.      All procedural requirements for removal have been satisfied.**

11.       Copies of all executed process, pleadings, and orders served upon Defendant in the State Court Action, a copy of the docket sheet in the State Court Action, an index of all matters being filed, and a Certificate of Interested Persons/Disclosure Statement are attached to this Notice of Removal, as required by 28 U.S.C. § 1446(a) and Local Rule 81.

12.      There are no other Defendants in the State Court Action and no consent for this removal is necessary under 28 U.S.C. § 1446(b)(2)(A).

13.      Defendant is contemporaneously filing a copy of this Notice of Removal with the 342nd Judicial District Court of Tarrant County, Texas, as required by 28 U.S.C. § 1446(d).

---

[1] Defendant does not hereby waive nor otherwise impact his right to challenge personal jurisdiction over him in Texas.

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully removes the State Court Action to this Court and prays that this Court grant him all relief, at law or equity, to which he may be justly entitled. Defendant will file his initial response to Plaintiff's Complaint within seven (7) days of the date of this Notice of Removal, as required by Federal Rule of Civil Procedure 81(c)(2)(C).

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:    */s/ Bruce M. Flowers*
      Bruce M. Flowers
      *Attorney–in–Charge*
      Texas State Bar No. 07175480

901 Main Street, Suite 5200
Dallas, TX  75202
Tel: (214) 777–4200
Fax: (214) 777–4299

*Counsel for Defendant*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon the following counsel for Plaintiff this 26th day of June 2026:

**VIA EMAIL: greg.moore@blankrome.com**
Gregory Moore
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, TX  77002

*Counsel for Plaintiff*

*/s/ Bruce M. Flowers*
Bruce M. Flowers